IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

TOM A. VENTRESS III, and WILLIAM ) 
C. GWATHNEY JR., individually and as )
representatives of the class described )
herein, )
 )                 CIVIL ACTION NO.
        Plaintiffs, )
 )                 CV-99-B-1925-S
v. )
 )
STATE FARM INSURANCE )
COMPANIES, a corporation, )
 )
        Defendant. )

**ENTERED**

SEP 1 8 2000



## MEMORANDUM OPINION

Plaintiffs, Tom A. Ventress and William C. Gwathney, Jr. filed this declaratory judgment

and breach of contract action on July 26, 1999. Plaintiffs are insurance agents who entered into

identical written agreements with State Farm to sell insurance products.[1]  Plaintiffs seek a

declaration from the court that the State Farm Agent's Agreement (Form AA3)  each of them

entered into is not terminable at-will but, rather, is a contract for life which can only be terminated

"for cause."[2]

---

[1] Plaintiffs' complaint names "State Farm Insurance Companies" as the defendant. Defendants state that the proper defendants are State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, State Farm Fire & Casualty Company, and State Farm General Insurance Company. The defendants will hereinafter be referred to collectively as "State Farm."

[2] State Farm had earlier filed a motion to dismiss, which the court indicated it would grant with respect to the breach of contract claim but would deny with respect to the declaratory judgment action. The court has not entered an order on State Farm's earlier motion. In light of the court's decision to grant summary judgment, State Farm's earlier motion is moot.

Currently before the court are motions for summary judgment filed by both parties. As noted above, plaintiffs contend that the AA3 Agreement is not terminable at-will. Conversely, State Farm contends that the AA3 Agreement unambiguously provides that any of the parties thereto can terminate it at any time with or without cause. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that State Farm's motion for summary judgment is due to be granted and that plaintiffs' motion for summary judgment is due to be denied.

## I. FACTUAL SUMMARY

Plaintiffs are insurance agents who entered into identical written agreements with State Farm to sell its insurance products. (Complaint ¶ 3) The AA3 Agreement executed by plaintiffs contains the following provisions:

> This Agreement will terminate upon your death. You or State Farm have the right to terminate this Agreement by written notice delivered to the other or mailed to the other's last known address.
>
> \*        \*        \*
>
> This Agreement shall supercede all prior agreements between the several parties hereto, whether written or otherwise, provided that provisions in prior agreements establishing the amount and method of repayment by the Agent to the Companies for financing deficits required under prior agreements shall remain in force until such deficits are repaid in full.
>
> \*        \*        \*
>
> This Agreement constitutes the sole and entire Agreement between the parties hereto, and no change, alteration, or modification of the terms of this Agreement may be made except by agreements in writing signed by an authorized representative of the Companies and accepted by you.[3]

---

[3] State Farm Agent's Agreement (Form AA3), Section III (A); Section VI (C) and (E), Exhibit 1 attached to defendant's Motion for Summary Judgment (previously submitted as Exhibit J of the Evidence submitted in support of the plaintiff's Motion for Preliminary Injunction.)

Plaintiffs entered into the AA3 Agreement in 1977, although each had executed a similar agreement before that time - Gwathney in 1976 and Ventress in 1975.[4]  (Aff. Gwathney, Ex. A to Pl's Evid. Sub.; Aff. Ventress, Ex. B to Pl's Evid. Sub.)  Plaintiffs have been working under the AA3 Agreement since 1977.[5]  (*Id.*, Pl's Ex. A and B.)

In 1996, State Farm introduced to its agents a new agent agreement.  (Aff. James Casino, filed Dec. 30, 1999, ¶ 3)  The new agreement is designated the State Farm Agent's Agreement (Form AA97).  (*Id.*)

When State Farm introduced the AA97 Agreement in 1996, it explained that certain transition compensation and other programs would be made available to agents who accepted the AA97 Agreement prior to December 31, 1999.  (Casino Aff. ¶ 4)  The details of this arrangement were set forth in State Farm Agent's Transition Amendment Form AMD42b (AA97). (Casino Aff. ¶ 4)  The Transition Amendment was introduced to State Farm agents at the same time as the AA97 Agreement, and was available continuously to agents up until December 31, 1999. (Casino Aff. ¶ 5)

The Transition Amendment was structured in such a way that agents who made an early election to accept the AA97 Agreement received greater transition compensation. (Casino Aff. ¶ 6). For example, agents who accepted the AA97 Agreement in 1996 were eligible for an additional 3% of the 1996 written premium on auto and fire business credited to their account.  (*Id.*)  These payments started in 1997, and ended with a final payment on January 15, 2000.  (*Id.*)

---

[4]Over the years, State Farm has offered different versions of agent's agreements.  While plaintiffs have not alleged which particular agreement they entered into prior to 1977, there is no dispute that the termination language is identical to that contained in their current AA3 Agreement.

[5] Plaintiffs contend that when they entered into their original agreements they were told by their agency managers (none of whom have been identified) that the contracts they were entering into were contracts for life and that they could not be terminated unless they cheated or stole money. Plaintiffs make no such allegations with respect to the AA3 Agreements they entered into in 1977.

3

As of December 1999, only a few transition programs remained for agents who had not yet elected to accept the AA97 Agreement. (Casino Aff. ¶ 7)  One of those items was eligibility under certain circumstances for supplemental termination payments and supplemental extended termination payments from State Farm. (*Id.*)  The details of that program were set forth in Paragraph IV of the State Farm Agent's Transition Amendment. (*Id.*)

These transition programs terminated as of December 31, 1999. (Casino Aff. ¶ ¶ 4, 7).  No transition programs are available to agents who elect the AA97 Agreement after that date. (Casino Aff. ¶ ¶ 4, 7)[6]

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if the pleadings and evidence indicate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party asking for summary judgment bears the initial burden of showing that no genuine issues exist. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and show that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324.  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for

---

[6] Plaintiffs contend that the termination payments found in the AA97 Agreement are not comparable to those found in the AA3 Agreement.  The relative merits of the AA3 Agreement and the AA97 Agreement, however, are not issues before the court.

trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the nonmovant need not be given the benefit of every inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## III. DISCUSSION

### A.    The AA3 Agreement is Unambiguous

Plaintiffs claim that the AA3 Agreement, on its face, indicates that it is terminable only "for cause." The court disagrees. By its own clear terms, the AA3 Agreement unambiguously provides that it may be terminated at any time by either State Farm or the agent for any reason, or no reason at all. State Farm cited the court to a number of decisions where courts have reviewed State Farm Agent's Agreements containing the precise termination language found in the AA3 Agreement and have held those agreements to be terminable at-will.[7] The court is in agreement with those courts and today joins in their conclusion that the State Farm Agent's Agreements (including the AA3 Agreement), as a matter of law, are terminable at the will of either party, with or without cause. *McDonald v. U.S. Die Casting & Dev. Co.*, 585 So.2d 853, 855 (Ala. 1991) ("If the terms within a contract are plain and unambiguous, the construction of the contract and its legal effect become questions of law for the court ...").

The only case presented by plaintiffs to suggest that the State Farm Agent's Agreements may have some implied "just cause" termination provision is *Sandberg v. State Farm Mut. Automobile Ins. Co.*, 182 F. 3d 927 (9th Cir. 1999). This court has reviewed that decision and finds it

---

[7] *See e.g. Mooney v. State Farm Ins. Companies*, 344 F.Supp. 697 (D. N.H. 1972) (holding contract terminable at will); *Ronald Peters v. State Farm Mut. Automobile Ins. Co.*, Case No. CV-85-2177-S (D. Kan., May 22, 1986) (plaintiff was an employee at will, therefore, his breach of contract claim could not stand.)

unpersuasive. According to the *Sandberg* court, under California law parol evidence is admissible if an agreement is susceptible of the meaning contended for by the party offering the evidence. Under Alabama law, if a written agreement is unambiguous, then parol evidence is not admissible. *Sherman v. Woerner Magnolia Farms, Inc.*, 565 So. 2d 601, 605 (Ala. 1990); *Dobbins v. Dicus Oil Co., Inc.*, 495 So. 2d 587, 590 (Ala. 1986).

**B.     Plaintiffs' Remaining Arguments for a "Just Cause" Standard are Unpersuasive**

Plaintiff's present three additional arguments in support of their contention that the AA3 Agreement is terminable only for cause. First, plaintiffs contend that their agreements cannot be terminated at any time by either party by virtue of the statement in the AA3 Agreement that "[t]his agreement will terminate upon your death." Plaintiffs argue that this sentence means that the agreement can terminate only upon an agent's death. The court rejects that argument. While it is true that the death of an agent terminates the agreement, that cannot be the only way it is terminated. Otherwise, all agents would be required to work as State Farm agents until they die.

Next, plaintiffs argue that the termination review feature of the AA3 Agreement somehow operates to create a "just cause" standard for termination. The AA3 Agreement provides that if State Farm terminates the agreement, the terminated agent can request a review of that decision in accordance with procedures approved by State Farm's Board of Directors. Those procedures do not impose a "just cause" standard for termination. Instead, they merely establish a process whereby a Review Committee makes a recommendation to the Office of the President, which then decides whether to reverse or uphold a termination.

Plaintiffs' argument that the termination review procedure creates a "just cause" standard is not a new one, and was perhaps best analyzed in *Mooney v. State Farm Ins. Companies*, 344 F. Supp. 697, 699-700 (D. N.H. 1972), wherein the court stated, "[t]he review hearing provision does not change the termination clause, nor does it render that clause ambiguous. Its purpose is to benefit

6

defendant by providing review of lower management decisions to terminate and reversal where those decisions were based on poor judgment." This court agrees with the reasoning of the court in *Mooney*. The termination review procedures found in the AA3 Agreement do not alter the fact that the agreement is terminable at-will.

The final argument advanced by plaintiffs is that the AA3 Agreement is ambiguous, thereby permitting the court to consider parol evidence to determine the parties' intent. In particular, plaintiffs contend that they were told when they entered into their original agreements in 1975 and 1976, that the agreements were contracts for life and would only be terminated if they cheated or stole money. Plaintiffs contend that this was State Farm's policy and that the policy was conveyed to prospective agents during the recruitment process. Having found that the AA3 Agreement is unambiguous, the court will not consider this purported parol evidence. *See e.g. Sherman v. Woerner Magnolia Farms, Inc.*, 565 So.2d 601, 605 (Ala. 1990) (if a written agreement is unambiguous, then parol evidence is not admissible); *Dobbins v. Dicus Oil Co., Inc.*, 495 So.2d 587, 590 (Ala. 1986) (same).

Moreover, plaintiffs allege that these representations were made to them at the time they entered into their first agreements with State Farm. There is no allegation that any similar remarks were made at the time plaintiffs entered into the agreements at issue herein. The AA3 Agreement contains an express integration clause which provides "[t]his Agreement shall supercede all prior agreements between the several parties hereto, whether written or otherwise ... [t]his Agreement constitutes the sole and entire agreement between the parties ..." The parol evidence sought to be introduced by plaintiffs does not even relate to the AA3 Agreements they executed in 1977. Accordingly, even if the AA3 Agreement was ambiguous, the parol evidence offered by plaintiffs would be irrelevant and inadmissible.

## IV. CONCLUSION

Plaintiffs' evidence raises no genuine issue of material fact regarding their claim that the State Farm Agent's Agreement AA3 is terminable only "for cause."  The court finds as a matter of law that the agreement is unambiguous and provides that either party may terminate it at any time, with or without cause.  State Farm's Motion for Summary Judgment is due to be granted.  Plaintiffs' Motion for Summary Judgment is due to be denied.  An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 18th day of September, 2000.

SHARON LOVELACE BLACKBURN
United States District Judge